**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Princeton Jamaal Lee PERRY, Defendant–Appellant.**

No. 15–30094.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2016.*

Filed Feb. 12, 2016.

Russell E. Smoot, Assistant U.S., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Lee Edmond, Law Office of Lee Edmond, Seattle, WA, for Defendant–Appellant.

Before: O'SCANNLAIN and GOULD, Circuit Judges and BURNS,** District Judge.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

**330**

MEMORANDUM \*\*\*

Princeton Perry appeals his sentence imposed for conspiring to distribute oxycodone-based pills in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

The district court did not err by including drugs attributable to Inaliel Lisbey in calculating Perry's base offense level. "[I]n the case of a jointly undertaken criminal activity ... all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" shall be factored in when calculating a defendant's offense level. U.S.S.G. § 1B1.3(a)(1)(B) (2014). The district judge reasonably concluded that Perry and Lisbey were working together during the relevant period of the conspiracy, and that therefore the drugs attributable to Lisbey were within the scope of their jointly undertaken criminal activity and reasonably foreseeable to Perry. *See United States v. Treadwell*, 593 F.3d 990, 1004 (9th Cir. 2010).

**AFFIRMED.**

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).